

# THE ATTORNEY GENERAL
## OF TEXAS

December 5, 1988

JIM MATTOX
ATTORNEY GENERAL

Ms. Jo King McCrorey            Opinion No. JM-990
Executive Director
State Board of Barber Examiners  Re:  Whether a cosmetologist
1300 E. Anderson Lane            is authorized to trim beards
Building C, Suite 275            and mustaches   (RQ-1525)
Austin, Texas  78752

Dear Ms. McCrorey:

You ask whether a  cosmetologist has authority to  trim beards and mustaches.  An examination of the recent  history of the statutes governing  barbers and cosmetologists  helps to put your question in context.

In 1972  a federal  district  court issued  a  judgment holding unconstitutional  parts  of  the  Texas  barber  and cosmetology statutes.  At  the time of  that court case  the act governing barbers provided:

> The  practice  of  barbering  is  hereby defined to  be the  following practices  when not  done  in  the  practice  of  medicine, surgery, osteopathy, or necessary  treatments of healing the body by one authorized by  law to do so; and when not done by a relative who cuts only the  hair of  those in  his or  her immediate family;  and  when done  on  living male persons.
>
> (A)  Shaving  or trimming the beard.
>
> (1) Cutting the hair;
>
> (2) Styling  or  processing  the  hair  of males only.
>
> (B) By  giving  any  of the  following treatments by any  person engaged in  shaving or trimming  the  beard and/or  cutting  the hair.

> (1) Giving facial and scalp massages, or applications of oils, creams, lotions, or other preparations, either by hand or electrical appliances;
>
> (2) Singeing, shampooing, or dyeing the hair or applying hair tonics;
>
> (3) Applying cosmetic preparations, antiseptics, powders, oils, clays, or lotions to the scalp, face, neck or that part of the body above the shoulders.
>
> _Provided, however, that nothing contained in this Act shall be construed to include those persons lawfully engaged in beauty culture, hairdressing or cosmetology as provided by law, when so engaged in giving treatments or applications to female persons only, but such persons shall not be permitted to shave, trim the beard, style, process, color or cut the hair of male persons except in accordance with the provisions and requirements of this Act relating to barbering._ (Emphasis added.)

Acts 1971, 62d Leg., ch. 1036, § 51, at 3402. The statutory provisions governing cosmetologists contained the following definition of "cosmetology":

> _'Cosmetology' means the beautifying treatment of a female's hair or skin, or nails of a male or female and includes the following practices_:
>
> (A) arranging, dressing, curling, waving, cleansing, singeing, bleaching, tinting, coloring, cutting, trimming, shaping, or straightening the hair by any method or means;
>
> (B) massaging, cleansing, beautifying, or stimulating the scalp, face, neck, arms, bust, or upper portion of the body by the use of a cosmetic preparation, antiseptic, tonic, lotion, or cream;
>
> (C) removing superfluous hair from the body by use of depilatories or tweezers;

> (D) manicuring; and
>
> (E) servicing a wig or artificial hairpiece . . . . (Emphasis added.)

Id. § 1, at 3389. The federal district court held unconstitutional those provisions of the barbering and cosmetology statutes that allowed licensees to perform certain procedures on members of one sex only. Bolton v. Texas Bd. of Barber Examiners, 350 F.Supp. 494 (N.D. Tex.), aff'd, 409 U.S. 807 (1972).

A 1972 opinion of this office addressed a number of questions about the proper interpretation of the barbering and cosmetology statutes in light of Bolton. Attorney General Opinion M-1270 (1972). In regard to the permissible practices for barbers and cosmetologists, the opinion stated:

> The provisions of the Barber Law and the Cosmetology Act defining the respective practices of each with regard to the treatment of hair are virtually synonymous in meaning; and, the holder of a license under either statute may cut, style, process, shampoo, color, singe and perform those services necessary to groom the hair of either sex. Likewise, facial and scalp massages and the applying of creams, lotions, tonics, antiseptics, etc. to the scalp, face, neck and shoulders are permitted under either law. However, only a licensed barber may perform the services of shaving and trimming the beard; and, only a cosmetologist may remove superfluous hair by the use of depilatories or tweezers, or massage the arms and busts. (Emphasis added.)

In other words, the opinion clarified that barbers and cosmetologists could perform those procedures for which they had specific authority, regardless of the sex of the recipient of the services. Because cosmetologists had no authority to shave and trim beards before Bolton, Bolton did nothing to change the authority of cosmetologists in regard to shaving and trimming beards.

If the legislature considered Attorney General Opinion M-1270 to be incorrect or to reach an undesirable result, it could have changed that result when it revised the statutes

governing cosmetologists and barbers in 1975.[1] Acts 1975, 64th Leg., ch. 691, at 2132 (barber statute now codified as article 8407a, V.T.C.S.; cosmetology statute now codified as article 8451a, V.T.C.S.). It did not do so. The revised barbering statute states that "barbering" includes "arranging, beautifying, coloring, processing, shaving, styling, or trimming the mustache or beard by any means or method." V.T.C.S. art. 8407a, § 4(b)(1). The revised definition of "cosmetology" contains no reference to the shaving or trimming of beards. V.T.C.S. art. 8451a, § 1(3). The revised barber statute provides that persons practicing under the cosmetology statute are exempt from the provisions of the barber statute "so long as such persons practice within the scope of the license or permit duly issued by the Texas Cosmetology Commission." V.T.C.S. art. 8407a, § 6(c).

The legislature has amended the cosmetology statute a number of times since 1975, but it has made no changes that could be interpreted as giving cosmetologists the authority to shave and trim beards. See generally Acts 1985, 69th Leg., ch. 483, at 2051; Acts 1983, 68th Leg., ch. 81, at 355 (setting fees under the cosmetology statute); Acts 1983, 68th Leg., ch. 557, at 3236 (continuing education for cosmetologists); Acts 1981, 67th Leg., ch. 279, at 747 (relating to exemptions under cosmetology statute); Acts 1979, 66th Leg., ch. 606, at 1340 (relating to licensing of cosmetologists); Acts 1977, 65th Leg., ch. 356, at 946 (relating to examinations and blood tests for cosmetologists); Acts 1977, 65th Leg., ch. 419, at 1123 (relating to private beauty culture schools); Acts 1977, 65th Leg., ch. 666, at 1685 (relating to certification for hair cleansing and scalp conditioning).

Nonetheless, it has been suggested that cosmetologists have authority to trim beards by virtue of their authority to trim "the hair." See V.T.C.S. art. 8451a, §1(3)(A). We disagree. The statute governing barbers refers to "the hair" and "the beard" separately, indicating that "the hair" does not include "the beard." Acts 1971, 62d Leg., ch. 1036, § 51, at 3402; Acts 1975, 64th Leg., ch. 691, § 4, at 2133 (codified as article 8407a, § 4). That same legislation is the source for the current cosmetology

---

1. The legislature made numerous minor changes in the cosmetology statute in 1973, none of which had to do with shaving or trimming beards. Acts 1973, 63d Leg., ch. 136, at 290; ch. 250, at 581; ch. 270, at 637; ch. 536, at 1388.

statute, which gives cosmetologists authority to trim "the hair," but makes no mention of "the beard." Id., § 28 (codified as article 8451a, § 1(3)). Also, a cosmetologist has authority to remove superfluous "body hair" by the use of depilatories or mechanical tweezers. A cosmetologist has no authority to remove "body hair" by shaving. In light of those provisions, we cannot conclude that a cosmetologist's authority to trim "the hair" can be construed to include the authority to trim beards.

### S U M M A R Y

A licensed cosmetologist has no statutory authority to shave and trim beards.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General